# EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BENJAMIN MAINZER, CSB 257748
BRAGG, MAINZER & FIRPO
804 THIRD STREET
EUREKA, CA 95501
TELEPHONE NO.: 707-445-7917   FAX NO.: 707-443-0442
ATTORNEY FOR (Name): TRINITY WILLIAMS

FOR COURT USE ONLY

**FILED**
David V.
JAN 3 1 2019
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT
STREET ADDRESS: COURTHOUSE
MAILING ADDRESS: 825 FIFTH STREET
CITY AND ZIP CODE: EUREKA, CA 95501
BRANCH NAME:

CASE NAME:
TRINITY WILLIAMS v. COUNTY OF HUMBOLDT and DOES 1-50

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: DR190116 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): ~~SEVEN (7)~~ EIGHT (8)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:
BENJAMIN MAINZER
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT B



FILED

JAN 3 1 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

1  BENJAMIN MAINZER, CSB 257748
   BRAGG, MAINZER & FIRPO, LLP
2  804 Third Street
   Eureka, CA 95501
3  Telephone:  707-445-7917
   Facsimile:  707-443-0442
4  Email:  bmainzer@bmf-lawyers.com

5  AMANDA M. SEARLE, CSB 263614
   CONNELLY LAW OFFICES, PLLC
6  2301 N. 30th St.
   Tacoma, WA 98406
7  Telephone: 253-593-5100
   Facsimile: 253-593-0380
8  Email: asearle@connelly-law.com

9

10  Attorneys for Plaintiff

11

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                 IN AND FOR THE COUNTY OF HUMBOLDT

15

16  TRINITY WILLIAMS, individually,        CASE NO. DR190116

17                Plaintiff,               COMPLAINT

18  v.

19

20  COUNTY OF HUMBOLDT and
    DOES 1 through 50,
21
                  Defendants.
22

23

24      Plaintiff TRINITY WILLIAMS, by and through her attorneys of record, Benjamin

25  Mainzer of BRAGG, MAINZER & FIRPO, LLP and Amanda M. Searle of CONNELLY LAW

26  OFFICES, PLLC, alleges as follows:

27

28

                                     1

## I.   INTRODUCTION

1.     This action is brought in the context of Defendant Humboldt County's systemic noncompliance with multiple State statutory schemes to protect children from abuse. These statutory schemes are of vital importance in protecting the State's children. California's Child Abuse and Neglect Reporting Act, Penal Code 11164 et seq. (CANRA) is the State's mandatory reporting law that functions as the gateway to identifying potential victims of child abuse or neglect. The Welfare and Institutions Code and its implementing regulations, known as "Division 31" regulations, work in tandem with CANRA by providing detailed requirements for social workers relating to the assessment of reports and subsequent investigation.

2.     In or around 2015, the State of California became aware that Defendant Humboldt County had been not properly receiving, responding or investigating reports of child abuse as was required by CANRA and the Welfare and Institutions Code. Subsequent investigation by the State revealed systemic noncompliance with the aforementioned, which in turn triggered the State filing a petition for writ of mandate and complaint for injunctive relief compelling Humboldt County to comply with relevant laws and regulations. The below-described facts related to Plaintiff Trinity Williams treatment by Defendant Humboldt County occurred during the operative time period wherein Defendant Humboldt County's noncompliance triggered State intervention. Defendant's conduct relative to Plaintiff Trinity Williams is consistent with the systemic noncompliance uncovered by the State and is reflective of a pattern of behavior at best deliberate indifference to the welfare of Humboldt County's most vulnerable.

3.     In or around 2013, when Trinity was 12 years old, the Humboldt County Department of Health and Human Services ("DHHS"), learned that Christopher Fosnaugh, who at that time was 17 years old, had sexual intercourse with Trinity. Trinity became pregnant. Over the following months and years, numerous reports were made to Defendant HUMBOLDT COUNTY informing its agents and employees of ongoing sexual abuse by Fosnaugh of Trinity. By virtue of her age alone, it should have been abundantly clear to Defendants that Fosnaugh was repeatedly engaging in sexual intercourse with a child incapable of consent.

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501 – 707-445-7917

4.        Given the ongoing reports of sexual contact between Trinity and Fosnaugh, it was, or should have been, abundantly clear to Defendants that Trinity was living in an environment where she was not being protected from ongoing sexual contact.

5.        Faced with overwhelming evidence of ongoing sexual abuse, Defendants failed to follow took no meaningful action to prevent Fosnaugh from having access to Trinity, to dissuade him from having contact with Trinity, or to protect Trinity.  In fact, Defendants sanctioned Fosnaugh's continued sexual contact with Trinity over a period of years.

6.        These actions served to ratify Fosnaugh's abuse of Trinity, to embolden Fosnaugh to continue with the abuse unfettered and to reinforce or validate the false belief of any adult responsible for Trinity's care that an adult engaging in sexual contact with a minor was permissible.

7.        Despite having actual knowledge that Fosnaugh had continued access to Trinity, that Fosnaugh presented a risk of sexual abuse to Trinity, and ongoing reports of sexual abuse by Fosnaugh of Trinity, DHSS failed to meets its mandatory obligations pursuant to CANRA and the Welfare and Institutions Code.

8.        Fosnaugh's repeatedly rape and sexual abuse of Trinity continued for years, into 2015.

9.        As a result of years of repeated sexual abuse and the failure of Defendants to protect her, Trinity suffered severe physical, emotional and psychological harm that will affect her for the rest of her life.

## II.     <u>GENERAL ALLEGATIONS</u>

10.      Plaintiff TRINITY WILLIAMS was, at all times relevant, a minor residing in the County of Humboldt, State of California.

11.      Defendant, COUNTY OF HUMBOLDT ("HUMBOLDT COUNTY") is at all times relevant a "public entity" as defined by California Government Code section 811.2. DHHS, through its Child Welfare Services and Child Protective Services divisions, is a social services agency whose mission is to provide for the safety and stability of children who are at risk of abuse

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501 - 707-445-7917

1 or neglect.  DHHS is operated and governed by Humboldt County pursuant to the laws of the
2 State of California.

3     12.    Plaintiff is unaware of the true names of the Defendants named herein as DOES 1
4 through 50, inclusive, and for that reason have named these Defendants by such fictitious names.
5 Plaintiff is informed, believe, and alleges that at all relevant times Defendants Does 1 through 50,
6 inclusive, were, or are, employees of Defendant HUMBOLDT COUNTY, employed as a
7 Children's Services Worker ("CSW") and/or a Supervising Children's Services Worker
8 ("SCSW"). Said Doe Defendants were, and are, public employees as defined in Government Code
9 section 811.4 as an agent, employee, representative, and/or joint venturer of Defendant
10 HUMBOLDT COUNTY and that in doing the things alleged herein were acting in the course and
11 scope of such relationship with Defendant HUMBOLDT COUNTY and with HUMBOLDT
12 COUNTY's permission and consent. Further, Defendant HUMBOLDT COUNTY was negligent
13 in the selection, hiring, training, and supervision of Defendants Does 1 through 50, inclusive.
14 Plaintiff is informed, believes, and alleges that Does 1 through 50, inclusive, are legally
15 responsible, negligently or in some other actionable manner, for the events and occurrences
16 alleged and that Plaintiff's injuries were directly and proximately caused by such Defendants.
17 Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

18     13.    Plaintiffs are informed, believe, and allege that at all relevant times each
19 Defendant, including Does 1 through 50, inclusive, was the agent, servant, employee,
20 representative, and/or joint venturer of its Co-Defendants, and was acting in the course and scope
21 of said agency and/or employment, pursuant to the direction and control of its Co-Defendants,
22 with their knowledge, consent, and approval, and each Defendant has ratified the acts of its Co-
23 Defendants as described herein.

24     14.    On June 21, 2018, Plaintiff filed her Government Tort Claim against Defendant
25 HUMBOLDT COUNTY.

26     15.    On July 9, 2018, Defendant HUMBOLDT COUNTY accepted receipt of
27 Plaintiff's tort claim through a letter authored by Risk Manager Kacy Green.

28

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

16.    In a letter by Risk Manager, Kacy Green, dated August 6, 2018, HUMBOLDT COUNTY granted Plaintiff's application to file late claims with dates of loss between 2011, and December 8, 2015, pursuant to paragraph (2) of subdivision (b) of Government Code section 911.6. Each of those claims was denied.  Defendant HUMBOLDT COUNTY informed Plaintiff that her claims dated December 9, 2015, to June 1, 2018 were denied.

17.    Pursuant to Government Code § 911.8, Plaintiff's Complaint herein is timely filed as this Complaint has been filed not later than six months from the date of denial.

### III.    FACTUAL HISTORY

18.    Inexcusably, HUMBOLDT COUNTY, through repeated breaches of its mandatory duties, and through the affirmative conduct of its agents and employees, identified herein as DOES 1-50, enabled a third party to mentally, physically and sexually abuse Plaintiff. The pertinent facts are as follows:

19.    While she was a minor, Plaintiff TRINITY WILLIAMS was repeatedly sexually molested, assaulted, and raped by Christopher Fosnaugh.

20.    On or about January 17, 2013, HUMBOLDT COUNTY DHHS is informed that Trinity—who was 12 years old—had been sexually assaulted by a 17-year-old, Christopher Fosnaugh. Plaintiff is informed, and therefore believes, a social worker created an "Emergency Response Referral Information." but Plaintiff is informed, and therefore believes, that despite the seriousness of the report, the reported age of Trinity as a minor under the age of 14 at the time of sexual contact, the reported age difference between Trinity and Fosnaugh, the rape was not promptly investigated, nor did Defendants follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded,

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501 - 707-445-7917

set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

21.     On March 6, 2013, HUMBOLDT COUNTY DHHS received another report that TRINITY WILLIAMS had been raped, and became pregnant by, Christopher Fosnaugh. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

22.     On or about March 8, 2013, three more reports of sexual abuse regarding TRINITY WILLIAMS were filed with HUMBOLDT COUNTY DHHS.  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

23.     On or about March 11, 2013, another Emergency Response Referral Information was filed because of continued reports that Christopher Fosnaugh was sexually abusing Plaintiff. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

1   substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all

2   substantiated findings to the California Department of Justice.

3       24.   Plaintiff is informed, and therefore believes, that in or around March 28, 2013,

4   DHHS has actual knowledge that Fosnaugh is permitted to frequent the home where Trinity

5   resides, as well as take Trinity to a motel. Despite knowledge of ongoing sexual contact between

6   Trinity and Fosnaugh, HUMBOLDT COUNTY DHHS does nothing to prevent Fosnaugh from

7   having access to the child. Plaintiff is informed, and therefore believes, that Defendants failed to

8   follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.

9   Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions

10  of the of the California Child Abuse and Neglect Reporting Act which require, in response to each

11  referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations

12  are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all

13  substantiated findings to the California Department of Justice.

14      25.   On or about April 5, 2013, another Emergency Response Referral Information was

15  filed reporting ongoing sexual abuse by Fosnaugh. Plaintiff is informed, and therefore believes,

16  that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was

17  not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants

18  failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which

19  require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as

20  to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion

21  in writing and report all substantiated findings to the California Department of Justice.

22      26.   On or about June 14, 2013, another report of sexual abuse of TRINITY

23  WILLIAMS was filed. At this time, no efforts were made by HUMBOLDT COUNTY DHHS to

24  remove TRINITY WILLIAMS from proximity to her abuser or prevent Fosnaugh from having

25  access to the child. Nor were any meaningful efforts made to follow applicable CDSS regulations

26  pertaining to mandatory investigation and action following reports of sexual abuse. Plaintiff is

27  further informed, and therefore believes, that Defendants failed to follow provisions of the of the

28  California Child Abuse and Neglect Reporting Act which require, in response to each referral of

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501 - 707-445-7917

7

COMPLAINT

abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

27. On or about June 18, 2013, another Emergency Response Referral Information was filed alleging ongoing sexual abuse by Fosnaugh. Plaintiff is informed, and therefore believes, no action was taken by HUMBOLDT COUNTY DHHS. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

28. On or about July 17, 2013, another report of sexual abuse of TRINITY WILLIAMS by Fosnaugh is made. Plaintiff is informed, and therefore believes that at this time, HUMBOLDT COUNTY DHHS is aware that TRINITY WILLIAMS is six months pregnant with Fosnaugh's child. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

29. On or about July 19, 2013, another Emergency Response Referral Information was filed alleging ongoing continued sexual abuse by Fosnaugh. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

30.     On or about February 24, 2014, another Emergency Response Referral Information was filed alleging ongoing sexual abuse by Fosnaugh.  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

31.     On April 28, 2014, another Emergency Response Referral Information was filed alleging ongoing sexual abuse by Fosnaugh.  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

32.     In or around March of 2015, TRINITY WILLIAMS was stabbed in the knee by Fosnaugh.  Plaintiff is informed, and therefore believes, DHHS made no report of this battery to law enforcement.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

9

1  are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all

2  substantiated findings to the California Department of Justice.

3  ─   ─ 33.   ─In or around May of 2015, during a trip to the hospital, TRINITY WILLIAMS

4  finds out she is again pregnant by Christopher Fosnaugh.  Hospital staff report the incident.

5  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS

6  regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further

7  informed, and therefore believes, that Defendants failed to follow provisions of the of the

8  California Child Abuse and Neglect Reporting Act which require, in response to each referral of

9  abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are

10  substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all

11  substantiated findings to the California Department of Justice.

12      34.      On June 5, 2015, TRINITY WILLIAMS terminated her pregnancy at Planned

13  Parenthood.  Thereafter she is taken by a DHHS social worker to Fosnaugh's house.  Fosnaugh

14  then beats her with a broom and rapes her.  TRINITY WILLIAMS reported this to the social

15  worker and asked why she was brought back to Fosnaugh's house, the social worker informs her

16  the intention was "wanting to keep the family unit together."

17      35.      Later, in or around June 2015, TRINITY WILLIAMS was again stabbed by

18  Fosnaugh.  She is taken to the hospital.  Instead of protecting her, DHHS social workers tell

19  TRINITY WILLIAMS that she is lying and Plaintiff is informed, and therefore believes, DHHS

20  social workers disregard her report.  Plaintiff is informed, and therefore believes, that Defendants

21  failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of

22  further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to

23  follow provisions of the of the California Child Abuse and Neglect Reporting Act which require,

24  in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to

25  whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in

26  writing and report all substantiated findings to the California Department of Justice.

27      36.      On or about July 7, 2015, another Emergency Response Referral Information was

28  filed because of a report of physical abuse by Fosnaugh.  Plaintiff is informed, and therefore

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  –  707-445-7917

10

COMPLAINT

believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

37.     On or about July 13, 2015, another Emergency Response Referral Information was filed because of a report of physical abuse by Fosnaugh.  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

38.     On or about July 15, 2015, a report is taken with regards to Christopher Fosnaugh's continued physical abuse of TRINITY WILLIAMS and her son.  Another Emergency Response Referral Information was filed because of a report of physical abuse by Christopher Fosnaugh. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

39.     On or about July 17, 2015, another Emergency Response Referral Information was filed because of a report of physical abuse by Christopher Fosnaugh. Plaintiff is informed, and

COMPLAINT

1    therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring

2    that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes,

3    that Defendants failed to follow provisions of the of the California Child Abuse and Neglect

4    Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a

5    meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded,

6    set forth that conclusion in writing and report all substantiated findings to the California

7    Department of Justice.

8        40.    On or about September 24, 2015, Emergency Response Referral Information was

9    filed because of a report of physical abuse by Christopher Fosnaugh.   Plaintiff is informed, and

10   therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring

11   that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes,

12   that Defendants failed to follow provisions of the of the California Child Abuse and Neglect

13   Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a

14   meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded,

15   set forth that conclusion in writing and report all substantiated findings to the California

16   Department of Justice.

17       41.    On or about October 16, 2015, TRINITY WILLIAMS reports continued physical

18   abuse at the hands of Fosnaugh.  Plaintiff is informed, and therefore believes, that Defendants

19   failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of

20   further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to

21   follow provisions of the of the California Child Abuse and Neglect Reporting Act which require,

22   in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to

23   whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in

24   writing and report all substantiated findings to the California Department of Justice.

25       42.    On February 18, 2016, TRINITY WILLIAMS discloses to HUMBOLDT

26   COUNTY social workers that she was raped by Christopher Fosnaugh at the age of 12.  She also

27   reports that she was stabbed by Christopher Fosnaugh three separate times.  She reports that he is

28   threatening her life.  Plaintiff is informed, and therefore believes, that Defendants failed to follow

12

COMPLAINT

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  –  707-445-7917

relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

43.    On February 22, 2016, another Emergency Response Referral Information was filed because of a report of sexual abuse by Christopher Fosnaugh. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

44.    On or about March 11, 2016, TRINITY WILLIAMS again disclosed to HUMBOLDT COUNTY social workers that she had been sexually and physically assaulted by since she was twelve. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

45.    On or about March 21, 2016, another Emergency Response Referral Information was filed with HUMBOLDT COUNTY because of a report of physical abuse. Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse. Plaintiff is further informed, and

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501 · 707-445-7917

13

therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

46.     On or about April 29, 2016, HUMBOLDT COUNTY admits that TRINITY WILLIAMS has been raped by Fosnaugh.  TRINITY WILLIAMS also reports physical abuse at this time to HUMBOLDT COUNTY.   Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.

47.     On or about June 20, 2016, another Emergency Response Referral Information was filed because of a report of physical abuse by Christopher Fosnaugh.  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

48.     On March 29, 2017, an Emergency Response Referral Information was filed because of a report of exploitation and sexual abuse by Christopher Fosnaugh.  Plaintiff is informed, and therefore believes, that Defendants failed to follow relevant CDSS regulations related to ensuring that Trinity was not at risk of further abuse.  Plaintiff is further informed, and therefore believes, that Defendants failed to follow provisions of the of the California Child Abuse and Neglect Reporting Act which require, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

## FIRST CAUSE OF ACTION
## LIABILITY FOR THE ACT OR OMMISSION OF A PUBLIC EMPLOYEE
### UNDER Cal Gov Code Section 820(a)

49.     Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein.

50.     A special relationship between Defendant HUMBOLDT COUNTY, DOES 1-50 and TRINITY WILLIAMS existed.

51.     Due to their status as employees of Defendant HUMBOLDT COUNTY, Plaintiff reasonably relied on DOES 1-50 to protect her while under their supervision and take no action that would harm her.

52.     By virtue of this special relationship, HUMBOLDT COUNTY and DOES 1-50 owed Plaintiff a duty of care reflective of their supervisory position over her and control of her.

53.     71.     This reliance on HUMBOLDT COUNTY and DOES 1-50 worsened Plaintiff's position and exposed Plaintiff to peril.

54.     Defendants   HUMBOLDT   COUNTY   and   DOES   1-50   breached   the aforementioned duty by failing to take reasonable steps following numerous reports that Plaintiff was the repeated victim of sexual molestation, assaults and rape.

55.     Defendants  HUMBOLDT  COUNTY  and  DOES  1-50  also  breached  the aforementioned  duty  by  failing  to  follow  mandatory  duties  related  to  the  reporting  and investigation of child abuse.

56.     The conduct of HUMBOLDT COUNTY and DOES 1-50, especially with respect to conduct that placed Plaintiff in proximity to her rapist, constitute affirmative actions which contributed to, increased, or changed the risk of harm to Plaintiff.

57.     As a proximate result of Defendants actions, Plaintiff suffered injury.  But for the actions of Defendants, Plaintiff would not have been further injured.

**SECOND CAUSE OF ACTION**
**VICARIOUS LIABILITY FOR THE ACT OR OMMISION OF A PUBLIC EMPLOYEE**
**UNDER Cal Gov Code sections 815.2(a), 820(a)**

58.   Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein.

59.   A special relationship between Defendant HUMBOLDT COUNTY, the employees of HUMBOLDT COUNTY including DOES 1-50, and Plaintiff existed. Each Defendant and each employee of HUMBOLDT COUNTY owed a duty to ensure the safety of Plaintiff.

60.   Due to the fact that HUMBOLDT COUNTY supervised its employees, including DOES 1-50, Plaintiff reasonably relied on HUMBOLDT COUNTY and its employees, including DOES 1-50, to adequately protect her from foreseeable harm.   Defendant HUMBOLDT COUNTY and DOES 1-50 also had a duty to properly investigate child abuse referrals.

61.   By virtue of this special relationship, Defendant HUMBOLDT COUNTY and its employees, including DOES 1-50, owed Plaintiff a duty of care.

62.   Defendant, HUMBOLDT COUNTY vicariously breached the aforementioned duty of care when its employees, DOES 1-50, failed to ensure that Plaintiff was safe and protected from reasonably foreseeable harm.

63.   Defendant, HUMBOLDT COUNTY further vicariously breached this duty of care when it, via the negligent, careless, and/or reckless actions of its employees, including DOES 1-50, failed to properly protect Plaintiff. These negligent, careless and/or reckless omissions were a substantial factor and a legal cause of the injuries sustained by Plaintiff as alleged herein.

64.   Pursuant to Government Code section 815.2 (a), Defendant HUMBOLDT COUNTY is vicariously liable for the acts of its employees, including DOES 1-50.

65.   DOES 1-50 took affirmative actions that placed Plaintiff in danger, Defendant HUMBOLDT COUNTY vicariously took affirmative action which contributed to, increased or changed the risk of harm to Plaintiff.   When employees of HUMBOLDT COUNTY negligently, carelessly and/or recklessly failed to properly care for Plaintiff, Defendant HUMBOLDT

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

16
COMPLAINT

COUNTY vicariously took affirmative action which contributed to, increased, or changed the risk of harm to Plaintiff.

66.     From 2013 to 2017, numerous complaints were made to HUMBOLDT COUNTY regarding Plaintiff's safety that were not adequately addressed.   Plaintiff is informed, and therefore believes, DOES 1-50 acted with deliberate indifference by disregarding those complaints, thereby placing Plaintiff in harm's way.

67.     As a direct and proximate cause of Defendant HUMBOLDT COUNTY's vicarious actions, Plaintiff TRINITY WILLIAMS suffered injury. But for the vicarious action of Defendant HUMBOLDT COUNTY, Plaintiff would not have been injured.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER Cal Gov Code sections 815.2(a), 820(a)

68.     Plaintiff hereby incorporates by this reference all paragraphs of this complaint as if fully set forth herein.

69.     A special relationship between Defendants HUMBOLDT COUNTY and DOES 1-20 existed by virtue of Plaintiff's status as a minor under the protection of Defendants.

70.     Due to the fact that Defendant HUMBOLDT COUNTY supervised DOES 1-20, Plaintiff reasonably relied upon Defendant HUMBOLDT COUNTY and DOES 1-20's status as employees of Defendant HUMBOLDT COUNTY.

71.     By virtue of this special relationship, Defendant HUMBOLDT COUNTY owed Plaintiff a duty of care.

72.     Defendant HUMBOLDT COUNTY breached this duty of care by negligently, carelessly, and/or recklessly failing to properly hire, train, and supervise its employees, to wit, DOES 1-50. These negligent, careless, and/or reckless omissions were a substantial factor and a legal cause of the serious emotional distress sustained by Plaintiff as alleged herein.

73.     As a direct and legal result of Defendant HUMBOLDT COUNTY's negligent, Plaintiff has suffered emotional and physical injury and otherwise, all to her special and general damages in amounts to be proven at trial.

Bragg, Main & Firpo, LLP - 707-445-7917
804 Third Street, Eureka, CA 95501

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE CHILD ABUSE AND NEGLECT REPORTING ACT (CANRA)**

74.     Plaintiff hereby incorporates by this reference all paragraphs of this complaint as if fully set forth herein.

75.     Pursuant to California Penal Code section 11165.7 and other provisions of the California Child Abuse and Neglect Reporting Act ("CANRA"), Defendants, by and through their employees and agents, are "mandated reporters" with regard to any reasonable suspicion of child abuse, neglect or an unsuitable home. Defendants knew or reasonably suspected that Plaintiff had been subjected to repeated sexual abuse and was living in an environment where such sexual abuse was tolerated.   The aforementioned gave rise to a duty to report this knowledge and suspicion, including each separate instance of abuse and neglect (pursuant to Penal Code section 11166).   This duty also included cross-reporting to law enforcement and the District Attorney's office.  Plaintiff is informed, and therefore believes, Defendants failed to make all such reports.

76.     Moreover, Defendants failed to properly train their employees regarding the duties of mandated reporters.

77.     Had Defendants properly investigated the abuse and neglect of Plaintiff and the fact that she was living in an unsuitable environment, this likely would have led to law enforcement conducting a further investigation, arresting Fosnaugh and preventing further sexual contact with Trinity. It also would have encouraged Fosnaugh to leave Trinity alone out of fear of being arrested.   This would have prevented Trinity from being subjected to years of further sexual abuse.

78.     CANRA, requires that, in response to each referral of abuse or neglect, DHHS reach a meaningful conclusion as to whether the allegations are substantiated, inconclusive or unfounded, set forth that conclusion in writing and report all substantiated findings to the California Department of Justice.

79.     Defendants' improper investigation of each report of abuse made it far less likely that social workers, mental health professionals and others who subsequently interacted with Trinity would take the sexual abuse allegations against Fosnaugh seriously and take appropriate

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

18
COMPLAINT

action.   It also gave Fosnaugh the false belief that Fosnaugh had been exonerated of the allegations.

80.     Pursuant to Government Code sections 815.2(a) and 820 and Evidence Code section 669, the individual social worker defendants are liable for violating CANRA and the County of Humboldt is vicariously liable for these violations.

81.     As a result of Defendants' violation of CANRA, plaintiff sustained injuries and damages as alleged herein.

## FIFTH CAUSE OF ACTION
### BREACH OF MANDATORY DUTIES UNDER Cal Gov Code section 815.6

82.     Plaintiff hereby incorporates by this reference all paragraphs of this complaint as if set forth fully herein.

83.     In addition to CANRA, Defendants violated various other mandatory duties intended to protect children from abuse and neglect and are therefore liable for plaintiff's injuries pursuant to Government Code section 815.6.   These mandatory duties included, but were not limited to, the following:

(a)     Welfare & Institutions Code Section 16501.1, which required a case plan to ensure that Trinity received protection and proper care and that appropriate services were provided to Trinity;

(b)     California Department of Social Services ("CDSS") regulation 31-125.1, which required DHHS to determine whether Trinity was at risk of abuse or neglect and in need of child welfare services or removal from the home;

(c)     DHHS regulation 31-205, which required DHHS to gather, evaluate and document assessment information pertaining to other significant persons who were known to reside in the same home as plaintiff, including, but not limited to, Christopher Fosnaugh;

(d)     CDSS regulation 31-205, which required DHHS to gather, evaluate and document information as to whether Trinity could safely remain in her home;

Bragg, Main & Fippo, LLP
804 Third Street, Eureka, CA 95501   -   707-445-7917

(e)    CDSS regulation 31-310, which required DHHS to monitor Trinity's physical and emotional condition and to take necessary action to ensure that her protective needs continued to be met;

(f)    CDSS regulation 31-320, which required DHHS to adequately conduct face-to-face contacts with Trinity and to assess her safety and well-being;

(g)    CDSS regulation 31-335, which required DHHS to have contact with other professionals working with Trinity in order to monitor the safety of the child and obtain their perception of the child's well-being and in order to determine whether the parent is following through with her commitments;

(h)    CDSS regulation 31-501, which required DHHS to report every known or suspected instance of child abuse and/or neglect to law enforcement.

84.    Defendants breached each of the aforementioned mandatory duties by, among other acts and omissions, allowing plaintiff to have contact with an adult known to have engaged in repeated sexual contact with a minor, to wit, Christopher Fosnaugh, failing to report the ongoing abuse and neglect, failing to conduct a meaningful investigation concerning the abuse and neglect and failing to provide necessary child welfare services.  These breaches of duty contributed to the ongoing sexual abuse of Trinity and her eventual second pregnancy.

85.    As a result of Defendants' violation of mandatory duties, plaintiff sustained injuries and damages as alleged herein.

**SIXTH CAUSE OF ACTION**
**BREACH OF DUTY ARISING UNDER SPECIAL RELATIONSHIP**

86.    Plaintiff hereby incorporates by this reference all paragraphs of this complaint as if fully set forth herein.

87.    A special relationship was established between Defendants and Trinity by virtue of Defendants having entered upon the task of protecting Trinity.  This induced reliance and dependence on the part of Trinity, who reasonably believed that Defendants would protect her.

88.    Defendants increased the danger to Trinity by ratifying, sanctioning and encouraging Fosnaugh's continued contact with Trinity, and by extension and his ongoing abuse

20
COMPLAINT

of Trinity, all of which led to his continued proximity to Trinity and increased ability to sexually

abuse Trinity.

89.     As a result of the special relationship between Defendants and Trinity, Defendants

owed a duty to exercise reasonable care.  Defendants breached that duty, as discussed above, by

failing to take meaningful steps to protect Trinity from abuse.

90.     As a result of Defendants' breaches of the duties arising under the special

relationship, plaintiff sustained injuries and damages as alleged herein.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**

91.     Plaintiff hereby incorporates by this reference all paragraphs of this complaint as

if fully set forth herein.

92.     Defendant HUMBOLDT COUNTY and DOES 1-50 violated Plaintiff's rights

under the Fourteenth Amendment of the United States Constitution by placing her in known or

reasonably foreseeable danger with deliberate indifference to Plaintiff's personal and physical

safety.

93.     Defendant HUMBOLDT COUNTY and DOES 1-50 violated Plaintiffs' rights

under the Fourteenth Amendment of the United States Constitution by taking affirmative steps

that placed Plaintiff in physical proximity to her rapist and abuser, to wit Christopher Fosnaugh.

94.     Defendant HUMBOLDT COUNTY and DOES 1-50 further violated Plaintiff's

right to substantive due process by providing Plaintiffs with misleading and incorrect information

concerning the propriety of continued contact with her rapist.      Specifically, Plaintiffs'

vulnerability and exposure to danger was enhanced by Defendant HUMBOLDT COUNTY and

DOES 1-50 misrepresenting the propriety of efforts towards "family reunification" and

impermissibly facilitating continued contact between Plaintiff and Fosnaugh.

95.     The conduct of Defendant HUMBOLDT COUNTY and DOES 1-50 affirmatively

placed Plaintiff in a position of danger by creating and exposing Plaintiff to a danger which she

would not have otherwise faced but for their actions, namely, continued rapes, physical assaults

21

COMPLAINT

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501 - 707-445-7917

1   and psychological abuse. Said rapes, physical assaults and psychological abuse lasted a period a

2   years.

3        96.    Defendant HUMBOLDT COUNTY and DOES 1-50 acted with deliberate

4   inference when they disregarded the known or obvious consequences of their conduct.

5        97.    By and through doing the aforementioned, a special relationship between

6   Defendant HUMBOLDT COUNTY and DOES 1-50 and Plaintiff was created as by and through

7   Defendant HUMBOLDT COUNTY and DOES 1-50 conduct, Defendant HUMBOLDT

8   COUNTY and DOES 1-20 took affirmative action which contributed to, increased or changed

9   the risk of harm to Plaintiff.

10       98.    By and through doing the aforementioned, Defendant HUMBOLDT COUNTY

11  and DOES 1-50 breached the duty of care owed Plaintiff that was reflective of the special

12  relationship created.

13       99.    As a proximate result of the conduct of Defendant HUMBOLDT COUNTY and

14  DOES 1-50, Plaintiff was seriously injured.

15       100.    Defendants' conduct as alleged herein was despicable conduct and was carried on

16  by Defendants with a willful and conscious disregard of the rights and safety of Plaintiff.

17  Defendants' conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of

18  Plaintiff's rights.

19  **EIGHTH CAUSE OF ACTION**

20  **VIOLATION OF CIVIL RIGHTS**<br>**42 U.S.C. § 1983**

21

22       101.    Plaintiffs reallege and incorporate as if fully stated herein, each and every

23  allegation contained in paragraphs 1 through 54 of the Complaint.

24       102.    The conduct of Defendant HUMBOLDT COUNTY and DOES 1-50, i.e.,

25  encouraging, compelling and coercing Plaintiff into having continued contact with Fosnaugh,

26  facilitated his commission of further sexual assaults and deprived Plaintiff of her rights under the

27  Fourteenth Amendment to the United States Constitution.

28

22<br>COMPLAINT

Bragg, Main & Firpo, LLP<br>804 Third Street, Eureka, CA 95501  ·  707-445-7917

103.   This aforementioned conduct of DOES 1-50 was the result of deficient training, instruction, longstanding departmental practice, policy and custom which constitutes the standard operating procedure of HUMBOLDT COUNTY.  Among other things, Defendant HUMBOLDT COUNTY failed to adequately train DOES 1-50 with respect to when, if ever, its employees and/or agents may encourage, facilitate or endorse, contact between a minor and an adult known to have engaged in sexual contact with that minor.

104.   Plaintiff is informed, and therefore believes, Defendant HUMBOLDT COUNTY has a long-standing practice or custom of approving and ratifying such decisions made by its employees and agents to promote "family reunification" at the expense of the well-being and safety of minors like Plaintiff who have been sexually abused.

105.   Defendant HUMBOLDT COUNTY, its agents or employees, were aware of the aforementioned deficiencies in training, instruction, longstanding departmental practice, policy and custom but nonetheless failed to correct the deficiencies despite having the authority to do so.  This failure to train DOES 1-50 or create adequate, polices, procedures, customs and standard operating procedures amounts to deliberate indifference to Plaintiffs' constitutional rights and were the moving force behind their injuries.

106.   As a result of the conduct of DOES 1-50, which constituted violations of Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution, and was done pursuant to training, instruction, longstanding departmental practice, policy and custom of Defendant HUMBOLDT COUNTY, Plaintiff suffered serious injury.

**PUNITIVE DAMAGES ALLEGATIONS AGAINST DOES 1-50**

107.   Plaintiff hereby incorporates by this reference all paragraphs of this complaint as if fully set forth herein.

108.   DOES 1-50, all of whom were employed by Defendant HUMBOLDT COUNTY during the events in question and were acting within the course and scope of their employment, are liable for punitive damages by virtue of having committed the acts and omissions discussed

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

1  above with oppression.  Their acts and omissions were despicable and subjected Trinity to cruel
2  and unjust hardship in knowing disregard of her rights.
3      109.  The job of DOES 1-50 was to protect children whose parents or guardians were
4  not capable of protecting them. Doe Defendants learned that Trinity had been raped by Fosnaugh,
5  that Trinity was residing in homes where the sexual abuse was continuing unabated.  However,
6  DOES 1-50 failed to provide any protection to Trinity from this known danger.  In fact, they made
7  the situation worse by enabling Fosnaugh to have access to Trinity.  DOES 1-50 went so far as to
8  treat Fosnaugh as a "caretaker" of Trinity and give him a role in supposedly protecting Trinity.
9  When the social workers failed to carry out their duties to report and act upon the sexual abuse
10  and closed their investigations, or disregarded actual, verifiable evidence of sexual abuse, they
11  knew that they were subjecting Trinity to ongoing sexual abuse, but they turned a blind eye to the
12  incalculable harm that this would cause this young girl.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bragg, Main & Fippo, LLP
804 Third Street, Eureka, CA 95501  -  707-445-7917

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against Defendant HUMBOLDT
COUNTY, and DOES 1 through 50 as follows:

1.      For compensatory damages according to proof;

2.      For punitive damages as allowed by law;

3.      For legal interest on the judgment where allowable by law;

4.      For attorney's fees as allowed by law;

5.      For costs of suit incurred herein where allowable by law; and,

6.      For such other and further relief as the Court deems just and proper.

Dated:   January 31, 2019                    BRAGG, MAINZER & FIRPO, LLP

                                         By:
                                              _____
                                              BENJAMIN MAINZER
                                              Attorney for Trinity Williams


                                         CONNELLY LAW OFFICES

                                         By:
                                              _____
                                              AMANDA M. SEARLE
                                              Attorney for Trinity Williams

Bragg, Main & Firpo, LLP
804 Third Street, Eureka, CA 95501  –  707-445-7917

**EXHIBIT C**

FILED

David V.

JAN 3 1 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

1  BENJAMIN H. MAINZER, Esq. (CSB 257748)
   **BRAGG, MAINZER & FIRPO, LLP**
2  804 Third Street
   Eureka, CA  95501
3  Telephone:  707-445-7917
   Facsimile:  707-443-0442
4  Email:   bmainzer@bmf-lawyers.com

5  AMANDA M. SEARLE, Esq. (CSB 263614)
   CONNELLY LAW OFFICES, PLLC
6  2301 n. 30TH Street
   Tacoma, WA  98406
7  Telephone:  253-593-5100
   Facsimile:  253-598-0380
8  Email:   asearle@connelly-law.com

9  Attorneys for Plaintiff
   TRINITY WILLIAMS
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  IN AND FOR THE COUNTY OF HUMBOLDT

13
   TRINITY WILLIAMS, individually,           CASE NO.  DR190116
14
                  Plaintiff,                 **NOTICE OF INCLUSION IN DELAY**
15                                            **REDUCTION PROGRAM**
        vs.
16                                            **NOTICE OF CASE MANAGEMENT**
   COUNTY OF HUMBOLDT and                     **CONFERENCE**
17 DOES 1-50, inclusive,

18                  Defendants.
                                   /
19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that the above-entitled action has been included in the Delay

22  Reduction Program of the County of Humboldt.  You are required to comply with the guidelines for

23  program cases as set forth in California Rules of Court, Title 3, Division 7, Chapters 1, 2 and 3 and

24  Humboldt County Local Rules 2.7 through 2.7.6

25       You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has

26  been scheduled for ____5-31____, 2019 at 8:30 a.m. in Department # __4__ of the Humboldt

27  County Superior Court.  Initial CASE MANAGEMENT STATEMENT on Judicial Council form

28  ///

Bragg Mainzer & Firpo
804 Third Street
Eureka, CA  95501
707- 445-7917

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM;
NOTICE OF CASE MANAGEMENT CONFERENCE                              Page 1

1   CM-110 shall be filed with the court and exchanged among the parties no later than 15 days before the

2   Case Management Conference.

3                                              KIM M. BARTLESON, Clerk

4   DATED:    JAN 31 2019              By:    David V.          Deputy

5                                              KIM M. BARTLESON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bragg  Mainzer & Firpo
804 Third Street
Eureka, CA  95501
707- 445-7917

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM;
NOTICE OF CASE MANAGEMENT CONFERENCE                                    Page 2