**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
John R. Whitefleet, SBN 213301
David R. Norton, SBN 291448
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF HUMBOLDT

BENJAMIN MAINZER, CSB 257748 BRAGG, MAINZER & FIRPO, LLP
804 Third Street
Eureka, CA 95501
Telephone: 707-445-7917
Facsimile: 707-443-0442
Email: bmainzer@bmf-lawyers.com

ERIK BAUER, LAW OFFICE OF ERIK BAUER, 215 Tacoma Ave. S
Tacoma, WA 98402
Telephone: 253-383-2000
Email: erik@erikbauerlaw.com

AMANDA M. SEARLE, CSB 263614 CONNELLY LAW OFFICES, PLLC 2301 N. 30th St.
Tacoma, WA 98406
Telephone: 253-593-5100
Facsimile: 253-593-0380
Email: asearle@connelly-law.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY WILLIAMS, individually, | CASE NO.: 3:19-cv-01330-MMC |
| Plaintiffs, <br> v. | **JOINT CASE MANAGEMENT STATEMENT** |
| COUNTY OF HUMBOLDT and DOES 1 through 50, <br><br> Defendants. <br> _____/ | **Date**: June 7, 2019 <br> **Time**: 10:30 a.m. <br> **Judge**: Hon. Maxine M. Chesney <br> **Department**: Courtroom 7, 19th Floor <br><br> Complaint filed: 1/31/2019 |

{02020847.DOCX}                                        1
**JOINT CASE MANAGEMENT STATEMENT**

The parties to the above-entitled matter joint submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**I.   Jurisdiction & Service**

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

There are no issues regarding personal jurisdiction or service.  All parties have been served or appeared.

**II.   Facts**

This case arises from alleged failed or improper investigations into alleged sexual and/or physical assault/abuse of Plaintiff by third-party Christopher Fosnaugh, beginning in or around 2013 through 2017.  Plaintiff alleges she was repeatedly raped, impregnated, sexually abused, stabbed, beaten and subject to other abuses during this time period.  Plaintiff alleges County of Humboldt Department of Health and Human Services were aware of said conduct and failed to investigate, cross-report to law enforcement, or prevent such conduct.

Plaintiff further contends that through the affirmative conduct of the County via the actions of its employees and/or its agents, Trinity Williams was exposed to danger that she would otherwise not have faced, thereby violating her Constitutional rights.  Plaintiff also contends that the County, by and through its employees and/or agents, owed the Plaintiff a duty of care, due to its special relationship with the Plaintiff, and breached that duty to protect the Plaintiff from foreseeable harm.

The County denies all allegations and disputes all factual assertions.

**III.   Legal Issues**

Plaintiff's Statement:

1. Whether a special relationship existed among Defendant, its employees and agents and Plaintiff;
2. Whether Defendant, via affirmative conduct, did expose Plaintiff to danger she would not otherwise have faced, violating her Constitutional rights;

3. Whether via such exposure, was Plaintiff was harmed;

4. The nature and reasonable amount of any damages Plaintiff suffered;

5. Whether Defendant failed to train, supervise or discipline its employees and/or agents, or whether Defendant ratified improper conduct of its employees and/or agents;

6. Whether the harm alleged to have befallen Plaintiff would have occurred had more training and adequate supervision of its employees, and whether the failure to provide adequate training/supervision was a substantial factor in the alleged violations of Plaintiff's constitutional rights.

Defendant's Statement:

1. Whether a duty existed in relation to Plaintiff's first, second, third, and sixth claims for relief for negligence brought under California Government Code sections 815.2(a) and 820(a), and if so, whether a breach occurred;

2. Whether Defendant violated the California Child Abuse and Neglect Reporting Act ("CANRA") in relation to Plaintiff's fourth and fifth claims for relief;

3. Whether a mandatory duty exists under Welfare & Institutions Code section 16501.1, and California Department of Social Services ("CDSS") regulations 31-205, 31-310, 31-320, 31-335, 31-501, in relation to Plaintiff's fifth claim for relief, and if so, whether a breach occurred;

4. Whether Plaintiff can establish a breach of the Fourteenth Amendment pursuant to 42 U.S.C. section 1983 in relation to Plaintiff's seventh and eight claims for relief;

**IV. Motions**

There are no prior or pending motions. Defendant anticipates filing a motion for summary judgment. The parties are considering if a petition under California Welfare & Institutions Code section 827 to obtain the juvenile case file of Plaintiff will be required.

**V. Amendment of Pleadings**

Plaintiff's Statement

Doe Defendants are permissible when federal question jurisdiction lies, which was the basis for Defendant's removal of this matter. Plaintiff anticipates that via discovery, the identity of Doe defendants will ascertained.

Defendant's Statement

Defendant requests the Court order that all Doe defendants be dismissed.

## VI. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably relevant in this action.

## VII. Disclosures

The parties propose initial disclosures be completed by July 1, 2019.

## VIII. Discovery

No discovery has occurred to date. Discovery will include written discovery and depositions. The parties do not anticipate any limitations on discovery at this time. The parties anticipate the need for a protective order and have agreed to jointly submit a proposed protective order for the Court's approval in accordance with the model used in this district. The parties also anticipate retention and discovery of experts. A discovery plan is set forth below in section 17.

## IX. Class Actions

This matter is not a class action.

## X. Related Cases

There are no related cases within the meaning of Local Rule 3-12. The parties note however, that any juvenile court matters for Plaintiff will be part of discovery.

## XI. Relief

Plaintiff seeks compensatory and punitive damages, costs of suit, and attorney fees.

## XII. Settlement and ADR

No settlement discussions have occurred so far. The parties agree that settlement discussions would be premature at this stage in the proceedings, but submit that the parties may benefit from settlement discussions following the substantial completion of discovery.

## XIII. Consent to Magistrate Judge for All Purposes

Defendant filed a declination to Magistrate Judge jurisdiction on March 19, 2019.

XIV. **Other References**

The parties do not believe this case is suitable for binding arbitration, a Special Master, or the Judicial Panel on Multi-District Litigation.

XV. **Narrowing of Issues**

None at this time.

XVI. **Expedited Trial Procedure**

This case is not appropriate under the Expedited Trial Procedure.

XVII. **Scheduling**

The parties suggests the following schedule:

| EVENT | DEADLINE |
|---|---|
| Deadline To Amend Pleadings | October 7, 2019 |
| Fact Discovery Cut-Off | March 1, 2020 |
| Designation of Experts | April 10, 2020 |
| Supplemental/Rebuttal Experts | May 8, 2020 |
| Expert Witness Discovery Cut Off | June 12, 2020 |
| Hearing on Dispositive Motions | November 20, 2020 |
| Pre-Trial Conference | March 16 , 2021 |
| Trial | May 17, 2021 |

XVIII. **Trial**

Defendant has demanded a jury trial. Plaintiff agrees. Defendant expects the trial to last approximately 6-8 days. Plaintiff expects the trial to last 8-12 days.

XIX. **Disclosure of Non-party Interested Entities or Persons**

None known.

XX. **Professional Conduct**

All attorneys in this matter have reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02020847.DOCX}   5
**JOINT CASE MANAGEMENT STATEMENT**

XXI. **Other**

At this time, there have not been identified matters which may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: May 29, 2019                                   Respectfully submitted,

                                                                        PORTER SCOTT
                                                                        A PROFESSIONAL CORPORATION

                                                                        By  */s/ John R. Whitefleet*
                                                                              Stephen E. Horan
                                                                              John R. Whitefleet
                                                                              David R. Norton
                                                                              Attorneys for Defendant COUNTY
                                                                              OF HUMBOLDT

Dated: May 29, 2019                                   BRAGG, MAINZER & FIRPO, LLP

                                                                        By  */s/ Benjamin Mainzer* (authorized on 5/28/19)
                                                                              Benjamin Mainzer
                                                                              Attorney for Plaintiff TRINITY
                                                                              WILLIAMS