**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
John R. Whitefleet, SBN 213301
David R. Norton, SBN 291448
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF HUMBOLDT

BENJAMIN MAINZER, CSB 257748 BRAGG, MAINZER & FIRPO, LLP
804 Third Street
Eureka, CA 95501
Telephone: 707-445-7917
Facsimile: 707-443-0442

ERIK BAUER, LAW OFFICE OF ERIK BAUER
215 Tacoma Ave. S
Tacoma, WA 98402
Telephone: 253-383-2000

AMANDA M. SEARLE, CSB 263614 CONNELLY LAW OFFICES, PLLC
2301 N. 30th St.
Tacoma, WA 98406
Telephone: 253-593-5100
Facsimile: 253-593-0380

Attorneys for Plaintiff TRINITY WILLIAMS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY WILLIAMS, individually,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF HUMBOLDT and DOES 1 through 50,<br><br>Defendants.<br>_____ / | CASE NO.: 3:19-cv-01330-MMC<br><br>**JOINT FURTHER STATUS CONFERENCE STATEMENT**<br><br>**Date**: June 12, 2020<br>**Time**: 10:30 a.m.<br>**Judge**: Hon. Maxine M. Chesney<br>**Department**: Courtroom 7, 19th Floor<br><br>Complaint filed: 1/31/2019<br>Trial: 05/17/21 |

{02216627.DOCX} 1
**JOINT FURTHER STATUS CONFERENCE STATEMENT**

The parties to the above-entitled matter jointly submit this Joint Further Status Conference Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-10(d).

## I. Jurisdiction & Service

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

There are no issues regarding personal jurisdiction or service. All parties have been served or appeared.

## II. Facts

This case arises from alleged failed or improper investigations into alleged sexual and/or physical assault/abuse of Plaintiff by third-party Christopher Fosnaugh, beginning in or around 2013 through 2017. Plaintiff alleges she was repeatedly raped, impregnated, sexually abused, stabbed, beaten and subject to other abuses during this time period. Plaintiff alleges County of Humboldt Department of Health and Human Services were aware of said conduct and failed to investigate, cross-report to law enforcement, or prevent such conduct.

Plaintiff further contends that through the affirmative conduct of the County via the actions of its employees and/or its agents, Plaintiff was exposed to danger that she would otherwise not have faced, thereby violating her Constitutional rights. Plaintiff also contends that the County, by and through its employees and/or agents, owed the Plaintiff a duty of care, due to its special relationship with the Plaintiff, and breached that duty to protect the Plaintiff from foreseeable harm.

The County denies all allegations and disputes all factual assertions.

## III. Legal Issues

Plaintiff's Statement:

1. Whether a special relationship existed among County, its employees and agents and Plaintiff;
2. Whether County, via affirmative conduct, did expose Plaintiff to danger she would not otherwise have faced, violating her Constitutional rights;

3. Whether via such exposure, was Plaintiff was harmed;

4. The nature and reasonable amount of any damages Plaintiff suffered;

5. Whether County failed to train, supervise or discipline its employees and/or agents, or whether County ratified improper conduct of its employees and/or agents;

6. Whether the harm alleged to have befallen Plaintiff would have occurred had more training and adequate supervision of its employees, and whether the failure to provide adequate training/supervision was a substantial factor in the alleged violations of Plaintiff's constitutional rights.

County's Statement:

1. Whether a duty existed in relation to Plaintiff's first, second, third, and sixth claims for relief for negligence brought under California Government Code sections 815.2(a) and 820(a), and if so, whether a breach occurred;

2. Whether County violated the California Child Abuse and Neglect Reporting Act ("CANRA") in relation to Plaintiff's fourth and fifth claims for relief;

3. Whether a mandatory duty exists under Welfare & Institutions Code section 16501.1, and California Department of Social Services ("CDSS") regulations 31-205, 31-310, 31-320, 31-335, 31-501, in relation to Plaintiff's fifth claim for relief, and if so, whether a breach occurred;

4. Whether Plaintiff can establish a breach of the Fourteenth Amendment pursuant to 42 U.S.C. section 1983 in relation to Plaintiff's seventh and eight claims for relief.

**IV. Motions**

There are no prior or pending motions with this Court. The parties have previously obtained three stipulated orders from this Court, including a protective order and two amendments to the pretrial scheduling order.

County anticipates filing a motion for summary judgment. County has filed several petitions under California Welfare & Institutions Code section 827 to obtain the juvenile case file of Plaintiff, Plaintiff's son, and Christopher Fosnaugh in both Humboldt and Stanislaus County courts. The courts have issued orders and released documents pursuant to those petitions, and those documents have been produced to Plaintiff in discovery as part of the stipulated protective order.

## V. **Amendment of Pleadings**

Plaintiff's Statement

Doe Defendants are permissible when federal question jurisdiction lies, which was the basis for County's removal of this matter. Plaintiff anticipates that via discovery, the identity of Doe defendants will ascertained. Plaintiff contends that the County's production of documents has been unreasonably delayed, preventing Plaintiff from determining at present whether further amendment of pleadings is proper.

County's Statement

The deadline to amend the pleadings was October 7, 2019. County submits that no further amendments to the pleadings shall be permitted absent good cause.

## VI. **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably relevant in this action.

## VII. **Disclosures**

The parties exchanged initial disclosures on July 1, 2019.

## VIII. **Discovery**

Plaintiff's Statement

The County has dragged its feet with respect to the production of documents, requiring substantial meet and confer and resulting in delayed production of documents which Defendant first agreed to produce in August 2019. While over the subsequent months Defendant has produced documents, these documents have not been produced promptly or with any reasonable haste. Indeed, substantial documents were not produced until May 2020.

Notwithstanding the County's representations regarding production, at present, Plaintiff still believes the County has not produced all responsive documents in its possession. Among others, Plaintiff believes that the County still has not produced delivered service logs between August 5, 2013, and May 19, 2014, delivered service logs between March 19, 2015, and November 25, 2015,

the Safemeasures e-report dated March 5, 2013, and various portions of the paper files corresponding to dates between March 5, 2013, and April 29, 2015, that relate to known referrals.

The parties have agreed to attend private mediation before Hon. Lynn Duryee (Ret.) in July, 2020. Plaintiff anticipates that if mediation is not successful, judicial intervention will be required to resolve this discovery dispute.

County's Statement

County has responded to Plaintiff's interrogatories and two sets of document requests. County has produced nearly 27,000 pages of documents in discovery and conducted a search of 44 County email accounts based upon an agreed upon list of 35 search terms. The search generated approximately 26,000 emails, which were then reviewed for responsiveness, privilege, and confidentiality by defense counsel's firm.

The parties attended a settlement conference in August 2019 with Magistrate Judge Laurel Beeler. As a result of the settlement conference, County agreed to produce voluminous documents to Plaintiff so that she can better evaluate the viability of her case. The parties agreed to delay the taking of depositions so that the parties could obtain documents and potentially attend an additional settlement conference prior to moving forward with numerous depositions. As of the date of this statement, the parties have not conducted any depositions. The parties are in the process of scheduling a private mediation with Hon. Lynn Duryee (Ret.) to take place in July 2020.

County served Plaintiff with contention interrogatories in November 2019. Plaintiff has continuously refused to respond to the interrogatories on the grounds that County propounded them too early in the litigation, citing *In re Convergent Technologies Sec. Litigation* (N.D.Cal. 1985) 108 F.R.D. 328, 338. In order to avoid motion practice, County agreed to hold off on Plaintiff responding to the interrogatories until County could complete its document production. As of the date of this statement, Plaintiff has still refused to respond to the interrogatories. County contends it is entitled to responses to the interrogatories. This issue may necessitate motion practice should this litigation continue after mediation.

**IX.     Class Actions**

This matter is not a class action.

{02216627.DOCX}                                              5
**JOINT FURTHER STATUS CONFERENCE STATEMENT**

### X. Related Cases

There are no related cases within the meaning of Local Rule 3-12. The parties note however, that any juvenile court matters for Plaintiff will be part of discovery. Additionally, Plaintiff is currently involved in a custody dispute with Mr. Fosnaugh in Humboldt County Family Court.

### XI. Relief

Plaintiff seeks compensatory and punitive damages, costs of suit, and attorney fees.

### XII. Settlement and ADR

The parties participated in a settlement conference with Magistrate Judge Laurel Beeler on August 16, 2019. The parties are in the process of scheduling a private mediation with Hon. Lynn Duryee (Ret.) to take place in July 2020.

### XIII. Consent to Magistrate Judge for All Purposes

County filed a declination to Magistrate Judge jurisdiction on March 19, 2019.

### XIV. Other References

The parties do not believe this case is suitable for binding arbitration, a Special Master, or the Judicial Panel on Multi-District Litigation.

### XV. Narrowing of Issues

None at this time.

### XVI. Expedited Trial Procedure

This case is not appropriate under the Expedited Trial Procedure.

### XVII. Scheduling

The current scheduling order is as follows:

| EVENT | DEADLINE |
| --- | --- |
| Deadline To Amend Pleadings | October 7, 2019 |
| Fact Discovery Cut-Off | October 30, 2020 |
| Designation of Experts | December 9, 2020 |
| Supplemental/Rebuttal Experts | January 6, 2021 |
| Expert Witness Discovery Cut Off | February 5, 2021 |
| Last Day to File Dispositive Motions | February 12, 2021 |
| Pre-Trial Conference | March 16 , 2021 |

| **Event** | **Deadline** |
|---|---|
| Trial | May 17, 2021 |

## XVIII. Trial

A 12-day jury trial is set to begin on May 17, 2021.

## XIX. Disclosure of Non-party Interested Entities or Persons

None known.

## XX. Professional Conduct

All attorneys in this matter have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. Other

At this time, there have not been identified matters which may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: June 4, 2020

PORTER SCOTT
A PROFESSIONAL CORPORATION

By */s/ David R. Norton*
    Stephen E. Horan
    John R. Whitefleet
    David R. Norton
    Attorneys for Defendant COUNTY OF HUMBOLDT

Dated: June 4, 2020

BRAGG, MAINZER & FIRPO, LLP

By */s/ Benjamin Mainzer* (as authorized on 6/3/20)
    Benjamin Mainzer
    Attorney for Plaintiff TRINITY WILLIAMS

{02216627.DOCX} 7
**JOINT FURTHER STATUS CONFERENCE STATEMENT**